JOHN E. PILANT v. DAVID WILSON.

**Infancy—Settlement—Pleading.**

Where an infant, who is a party to a contract of settlement, fails to set up such infancy, he is bound by the terms of such settlement the same as if not an infant.

APPEAL FROM CALDWELL COURT OF COMMON PLEAS.

December 12, 1874.

OPINION BY JUDGE LINDSAY:

Appellee does not deny the performance during the years 1867 and 1869 of the work and labor charged for, but he pleads as matter of defense that, at the end of 1869, appellant abandoned the contract under which he was then working, and that the parties entered into a new agreement, covering the years 1870 and 1871, which agreement has been fully performed. The making of this new agreement, which is proved beyond question, was in effect a full settlement between the parties as to the years 1867, 1868 and 1869.

As appellant was then an infant, he might have avoided the effect of this settlement by relying on his infancy; but he did not see proper to do so. In his original petition he does not mention the fact of his infancy; and in his amended petition, filed after the settlement had been pleaded, he seems to have studiously avoided the assertion of any right he may have had, by reason of his non-age. As the pleadings stood, the action was properly tried as though both parties had all the while been adults. In this view of the case, the court did not err in giving instruction No. 2, asked by appellee, nor in refusing Nos. 3 and 4, asked by appellant.

Infancy to be made available for the purpose of escaping the consequences of a contract, must in some way be set up and relied on. It was not so set up and relied on in this case, and hence appellant cannot complain at being treated by the court as an adult.

Judgment *affirmed*.

George W. Duvall, for appellant.
James Hewlett, for appellee.